ROSS v. NILES et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. ATTORNEYS—LIABILITY FOR SERVICES RENDERED—EVIDENCE—SUFFICIENCY.
    In an action to recover for services rendered as an expert on values
    in street opening proceedings, wherein defendants appeared as attorneys
    for the property owners, evidence considered, and *held* sufficient to sup-
    port a verdict for plaintiff on the theory that defendants had such an in-
    terest in the proceedings as to render them personally liable, and that the
    principals were undisclosed.

Appeal from Municipal Court, Borough of the Bronx, Second
District.

Action by John R. Ross against William W. Niles and another.
From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

John J. Cunneen, for appellants.
Fred. Cyrus Leubuscher, for respondent.

MacLEAN, J.   In this action, brought to recover the reasonable value of services rendered by plaintiff as an expert on values in street opening proceeding, wherein the defendants, who are attorneys at law, and in partnership, appeared for the property owners, evidence was given of employment by the first-named defendant of the circumstances of the engagement, of the services rendered, and their value, and some evidence tending to show that the employment was by the defendant Niles for himself upon his personal promise of compensation; also that, as to some of the parcels at least, the plaintiff was not unable to ascertain their ownership; and, further, that the services were for the benefit of the partnership.   Concerning each of these matters the evidence was such as to warrant the jury in finding for either party.   A letter written by the defendant Niles, especially if taken with the statement attributed to him, would imply that he had undertaken the proceedings on behalf, it is true, of the owners of the property, but under such circumstances that the procuring and submission of evidence relating to values was something for which he was personally to, and promised to, pay—an inference supported by the well-known fact that proceedings of this sort are often, if not commonly, undertaken under arrangements contingent upon success, the attorneys stipulating to bear all the expenses, and look for their compensation and reimbursement solely from the amount of the award.   It was not shown by the defendants, nor is it to be inferred from the evidence, that the names of the principals for whom they were acting were disclosed to the plaintiff, or that he had actual knowledge of their names, so as to absolve the agents from the liability assumed by them.

Judgment should be affirmed, with costs.   All concur.